UNITED STATES, Appellee

v

ADALBERTO TORRES-DIAZ, Private,
U. S. Army, Appellant

15 USCMA 472, 35 CMR 444

No. 18,507

July 9, 1965

*Captain J. Philip Johnson* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Martin S. Drucker.*

*Captain William L. Leonard* argued the cause for Appellee, United States. With him on the brief were *Colonel Edwin G. Schuck, Lieutenant Colonel Francis M. Cooper,* and *Captain John C. Cortesio, Jr.*

Opinion of the Court

KILDAY, Judge:

The accused was convicted of one specification of assault with a danger-ous weapon and one specification of wrongful possession of marihuana, un-der Articles 128 and 134, Uniform Code

472

of Military Justice, 10 USC §§ 928 and 934, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for three years, forfeiture of fifty dollars per month for thirty-six months, and reduction to the grade of Private E–1. Intermediate appellate authorities affirmed the findings but an Army board of review reduced the forfeitures to forty-five dollars per month for one year and the confinement at hard labor to one year. We granted the appellant's petition for review to consider the single assigned issue, applicable only to the specification alleging assault with a dangerous weapon, whether the law officer erred to the substantial prejudice of the accused in his instructions upon the defense theory of accident. A recitation of the facts is not necessary for our consideration of this issue.

At an out-of-court hearing for the purpose of considering the instructions to be given, the law officer inquired of defense counsel whether he believed that the lesser included offense of assault and battery was in issue. The latter replied that he did not and that "It is all or nothing as far as I am concerned." The law officer then informed counsel that in view of the evidence "an instruction on an accidental assault with a dangerous weapon might be appropriate in this case." Both trial and defense counsel agreed that the issue was raised.

Subsequent to argument by counsel, the law officer advised the court that "the accused is charged with the offense of aggravated assault with a dangerous weapon." He then delineated the elements of the offense, as it applied in this case, and declared that:

"... an assault in which an attempt or offer to do bodily harm is consummated is called a battery. A battery is defined as an unlawful, and intentional or culpably negligent, application of force to the person of another by a material agency used directly or indirectly. The act of violence must be unlawful, without legal justification or excuse, and without the lawful consent of the victim. An assault in which a dangerous weapon or other means or force likely to produce death or grievous bodily harm is employed is an aggravated assault."

Thereafter he instructed the court as follows:

"Gentlemen, the accused, by his statement, states that the assault with a dangerous weapon resulted from an accident during a struggle with the victim. You are advised that an assault with a dangerous weapon is excusable if it was the result of an accident, misfortune or misadventure of the accused in doing a lawful act in a lawful manner. The accused, however, must have been acting with that degree of care for the safety of others that a reasonably prudent man would have exercised under the same or similar circumstances. If the assault with a dangerous weapon resulted from carelessness or fault on the part of the accused, it is not an accident in legal contemplation and, hence, is not excusable. The burden is on the prosecution to establish the accused's guilt by legal and competent evidence beyond a reasonable doubt. An accidental assault with a dangerous weapon, as I have explained that term, is excusable. Consequently, unless you are satisfied beyond a reasonable doubt that the assault with a dangerous weapon, if any, was not accidental, you must acquit the accused of this offense."

The phraseology, assault with a dangerous weapon, is simply descriptive of one of the ways in which the substantive offense of aggravated assault can be committed. Article 128 (b) (1), Uniform Code of Military Justice, 10 USC § 928. As recognized by the law officer, accident may constitute a defense to such a charge. United States v Redding, 14 USCMA 242, 34 CMR 22. While a finding of guilty may be grounded on culpably negligent conduct, even though the assailant did not intend the ultimate consequences of his action, mere negligence will not support a conviction for aggravated assault. United States v Redding, supra. As we stated in the cited case:

"In this regard, assault with a dangerous weapon—in which death or even actual injury to the victim need not be involved—is not unlike involuntary manslaughter, which of course may be committed by culpable negligence. See Article 119(b)(1), Uniform Code of Military Justice, 10 USC § 919; United States v Moore, 12 USCMA 696, 702, 31 CMR 282." [United States v Redding, supra, at page 244.]

Culpable negligence is defined in the Manual for Courts-Martial, United States, 1951, paragraph 198*b*, as:

". . . a degree of carelessness greater than simple negligence. It is a negligent act or omission accompanied by a culpable disregard for the foreseeable consequences to others of such act or omission."

In his instruction on accident, quoted above, the law officer followed, almost verbatim, the language of the suggested "Instruction on Accidental Homicide," set forth in Department of the Army Pamphlet No. 27–9, Military Justice Handbook: The Law Officer, April 1958, Appendix XIX, page 167. The difficulty, however, with the use of this instruction *in this case* is that it defines a standard for *simple negligence*, which standard is not applicable to the offense under consideration. United States v Redding, supra. Inasmuch as he had previously utilized the term "culpable negligence" in defining a battery, and the only definition he gave the court was that of simple negligence, at best his instructions were confusing. In such circumstances, the court members could well conceive that the components of simple negligence, as described by the law officer, added up to culpable negligence.

When a definition of terms is required for a proper understanding of the issues involved, it is the responsibility of the presiding officer to instruct the court members with extreme precision. United States v Sanders, 14 USCMA 524, 34 CMR 304; cf. United States v Garguilo, 310 F2d 249 (CA2d Cir) (1962). If there is room for rea-

sonable doubt as to whether the court properly understood the instructions given, such doubt must be resolved in favor of the accused. United States v Sanders, supra; United States v McIntosh, 12 USCMA 474, 31 CMR 60; United States v Lombardi, 14 USCMA 466, 34 CMR 246.

While we might ordinarily be inclined to invoke the instructions as a whole test, we find it inapplicable in a case, such as this, where two instructions on a material issue conflict, with one being prejudicially erroneous. United States v Noe, 7 USCMA 408, 22 CMR 198; United States v Morphis, 7 USCMA 748, 23 CMR 212; United States v Alberico, 7 USCMA 757, 23 CMR 221.

Moreover, the fact is that the instruction as given, while it might be a correct statement of the law as regards simple negligence, erroneously sets forth an improper standard for consideration of the defense of accident as it applied in this case. Cf. United States v Adams, 5 USCMA 563, 18 CMR 187. We have previously held that instructions correct in the abstract may be inadequate or misleading in the context of the specific issue involved. United States v Weems, 3 USCMA 469, 13 CMR 25; United States v Thompson, 12 USCMA 438, 31 CMR 24; United States v Nickoson, 15 USCMA 340, 35 CMR 312. In this regard it is abundantly clear that where, as here, culpable negligence is required for a finding of guilty and accident is a valid defense, an instruction on simple negligence as explanatory of the degree of that defense is erroneous. As for the matter of prejudice, we need only refer to our very early decision in United States v Rhoden, 1 USCMA 193, 201, 2 CMR 99, wherein we quoted the following from Little v United States, 73 F2d 861 (CA 10th Cir) (1934):

"'. . . But where error occurs which, within the range of a reasonable possibility, may have affected the verdict of a jury, appellant is not required to explore the minds of the jurors in an effort to prove that it did in fact influence their verdict.'"

We conclude, therefore, that the in-

struction was seriously deficient in apprising the court of the appellant's defense. United States v Thompson, supra.

The decision of the board of review as to the offense of assault with a dangerous weapon is reversed. The finding of guilty as to that offense is set aside. The record of trial is returned to The Judge Advocate General of the Army. A board of review may reassess the sentence on the basis of the remaining conviction for wrongful possession of marihuana or a rehearing may be ordered.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

Instructions are meaningful only in the light of the actual evidence. A correct instruction may result in prejudicial error if it does not adequately cover the specific issue raised by the evidence. Conversely, an incorrect instruction may be harmless if there is no issue in the case to which it relates.

Here, the evidence shows a sharp division as to what happened between the victim and the accused. The two had a scuffle which ended when the victim left the room; as he left, the accused remarked, " 'I'll kill you when you get back.' " The victim testified that when he returned, the accused immediately approached and struck at him with a hammer hitting him on the side of the head. The accused testified he was at his locker when the victim entered; and that the victim rushed at him and attempted to take away a hammer which the accused was preparing to put into his locker. He further testified that he had no intention of striking the victim and that the victim must have been injured in his attempt to take the hammer.

In view of the conflict as to the cause of the injury, there is, in my opinion, no need to be concerned with whether there was culpable or simple negligence. The degree of negligence is just not raised by the evidence. The important thing is that the court-martial was instructed that accidental injury is a defense, and that the accused's version of the incident raised that defense. In the two versions of the event, there was no room for the court-martial to consider whether the accused was negligent. The accused was either defending himself against the victim's attack, or he was lying and he assaulted the victim, as the latter testified. In my opinion, there is nothing in the challenged instruction which could reasonably mislead the court-martial, to the accused's prejudice, in its deliberations on his guilt or innocence.

I would affirm the decision of the board of review.