UNITED STATES, Appellee

v

ALVIN L. PEMBERTON, Sergeant, U. S. Army, Appellant

16 USCMA 83, 36 CMR 239

No. 18,958

March 4, 1966

*Captain Francis R. Jones* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Martin S. Drucker.*

*Captain Robert B. Lee* argued the cause for Appellee, United States. With him on the brief were *Colonel Joseph J. Crimmins* and *Lieutenant Colonel Francis M. Cooper.*

## Opinion of the Court

QUINN, Chief Judge:

Although charged with assault, in which he intentionally inflicted grievous bodily harm, the accused was convicted by a general court-martial in Korea of the lesser offense of assault with a dangerous weapon, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928, and sentenced to confinement at hard labor for twelve months, forfeitures for the same period, and reduction to Private E-1. On this appeal, he contends he was prejudiced by an erroneous instruction as to his theory of defense.

The charge arose out of an altercation between the accused and the victim in her room. According to the victim's account of the incident, the accused assaulted her, without provocation or cause, and inflicted cuts on her face and left arm with a broken beer bottle. The accused's version is exactly opposite. He testified he had a disagreement with the victim over the quoted price for some services. When he refused to pay, she hit him on the head with a beer bottle. The impact broke the bottle and cut him on the forehead. He pushed the girl on the bed, but when she attempted to get up with the broken bottle still in her hand, he tried "to wrestle" it away from her. In the scuffle, she was cut.

At an out-of-court hearing to consider proposed instructions, defense counsel requested instructions on self-defense and injury resulting from accident. Trial counsel indicated that while he did not "think accident . . . [was] raised here," he had no objection to the request. Although he gave no clear indication that he approved the defense request, the law officer commented on the "two different theories" of the defense. And in his formal instructions to the court-martial, he included an instruction on self-

defense and one on the effect of accident. The latter is the subject of the accused's appeal.

Physical injury inflicted upon another with a dangerous instrumentality is not criminally punishable if it is the result of accident. United States v Redding, 14 USCMA 242, 34 CMR 22. However, accident is not synonymous with unintended injury. A particular act may be directed at another without any intention to inflict injury, but if the natural and direct consequence of the act results in injury, the wrong is not excusable because of accident. United States v Femmer, 14 USCMA 358, 34 CMR 138. Accident is an unexpected act, not the unexpected consequence of a deliberate act. See United States v Sandoval, 4 US CMA 61, 15 CMR 61. As noted above, at one place in his testimony, the accused admitted he struggled with the girl in order to take the bottle from her. Impliedly, his actions against the girl were deliberate, and only the resultant injury was unforeseen. However, his testimony as a whole does not entirely preclude an interpretation that the focus of his action was not directed toward the girl so that the injury to her was actually the result of accident. From this standpoint, the situation was like that in United States v Torres-Diaz, 15 USCMA 472, 35 CMR 444.

The similarity of the factual situation of this case with *Torres-Diaz*, invites comparison of the instructions in the two cases. There, as here, the law officer initially defined a consummated assault as the " 'unlawful . . . or culpably negligent, application of force to the person of another,' " and later instructed on the effect of accident. The material parts of the accident instruction in both cases are as follows:

| | |
|---|---|
| ¹ *This case.* | *Torres-Diaz.* |

". . . You are advised that an assault by the force as may have been exercised here, is excusable if it was the result of an accident or misadventure by the accused in doing a lawful act in a lawful manner. If the assault resulted from fault of the accused, it is not an accident in legal contemplation and hence, is not excusable, but the burden is on the prosecution to establish the accused's guilt by legal and competent evidence beyond a reasonable doubt. An accidental assault as I've explained that term, is excusable; consequently, unless you are satisfied beyond a reasonable doubt that the assault, if any, was not accidental, then you must acquit the accused."

"'. . . You are advised that an assault with a dangerous weapon is excusable if it was the result of an accident, misfortune or misadventure of the accused in doing a lawful act in a lawful manner. *The accused, however, must have been acting with that degree of care for the safety of others that a reasonably prudent man would have exercised under the same or similar circumstances.* If the assault with a dangerous weapon resulted from carelessness or fault on the part of the accused, it is not an accident in legal contemplation and, hence, is not excusable. The burden is on the prosecution to establish the accused's guilt by legal and competent evidence beyond a reasonable doubt. An accidental assault with a dangerous weapon, as I have explained that term, is excusable. Consequently, unless you are satisfied beyond a reasonable doubt that the assault with a dangerous weapon, if any, was not accidental, you must acquit the accused of this offense.'" [Emphasis supplied.] [United States v Torres-Diaz, supra, page 473.]

Although the sentence on the degree of care, emphasized in the *Torres-Diaz* instruction, is not included ed in the instruction in this case, appellate defense counsel contend the same idea is implied by the statement that, "[i]f the assault resulted from fault of the accused, it is not an accident," and the assault is not excusable. They maintain that in common usage and understanding, the word "fault" implies simple negligence. Mere negligence, however, cannot be a basis for a finding of aggravated assault. United States v Redding, supra. Thus, according to appellate defense counsel, the instructions here suffer from the same prejudicial ambiguity as those in *Torres-Diaz*. Government counsel concede that the word "fault" encompasses simple negligence, but they contend that, as used in the instructions, it applied only to determination of the availability of the de-

fense of accident, and did not detract from the standard of culpable negligence required for a finding of guilty. In our opinion, the court-martial could reasonably interpret the word "fault" as implying simple negligence or carelessness. We are not persuaded, however, that the instructions in this case are any less ambiguous than those in *Torres-Diaz*. What we said there is equally applicable here:

". . . The difficulty, however, with the use of this instruction *in this case* is that it defines a standard for *simple negligence,* which standard is not applicable to the offense under consideration. United States v Redding, supra. Inasmuch as he had previously utilized the term 'culpable negligence' in defining a battery, and the only definition he gave the court was that of simple negligence, at best his instructions were confusing. In such circumstances, the

**85**

court members could well conceive that the components of simple negligence, as described by the law officer, added up to culpable negligence." [United States v Torres-Diaz, supra, page 474.]

The decision of the board of review is reversed and the findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judges FERGUSON and KILDAY concur.