**GOVERNMENT OF THE VIRGIN ISLANDS**
v.
**KHALIL A. SALEM, Appellant**

No. 71-1427

United States Court of Appeals

Third Circuit

Argued at Charlotte Amalie, St. Thomas

January 24, 1972

Decided February 29, 1972

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for appellant*

FRED WATTS, ESQ., Assistant United States Attorney, St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge*, ALDISERT and GIBBONS, *Circuit Judges*

### OPINION OF THE COURT

ALDISERT, *Circuit Judge*

This appeal from a conviction of assault in the third degree, 14 V.I.C. § 297, on the person of Kamel Salem, and aggravated assault and battery, 14 V.I.C. § 298, on the person of Zuhdi Salem, requires us to decide whether the district court erred in refusing a requested jury instruction based on the Virgin Islands Code provisions[1] on self-

---

[1] Title 14 of the Virgin Islands Code provides:
  § 293.
    (a) Violence used to the person does not amount to an assault or an assault and battery—
    \*     \*     \*
    (6) in self defense or in defense of another against unlawful violence offered to his person or property.
  § 41.
    Any person about to be injured may make resistance sufficient to prevent—
    (1) an illegal attempt by force to take or injure property in his lawful possession; or
    (2) an offense against his person. . . .
  § 43.
    The right of self defense does not extend to the infliction of more harm than is necessary for the purpose of defense.

defense and lawful violence. Because we hold that such instructions were appropriate under the circumstances, we will vacate the judgment of conviction and remand for a new trial.

Zuhdi Salem and his younger brother, Kamel, were wounded during an incident which occurred at night on a public road following an earlier meeting of Virgin Island residents of Jordanian heritage. There was testimony that at this meeting, after Zudhi and Kamel balked at contributing a monthly sum of $175.00 toward the Palestine refugee relief fund, angry words were exchanged between a certain Mohammed Abdallah and Zuhdi. There was no testimony that appellant, Khalil Salem, participated in this verbal altercation. Khalil testified that while he was driving home from the meeting, following a car driven by one Issa, Zuhdi appeared in the roadway brandishing a stick and ordering Issa to stop; that Issa stopped, thereby blocking the progress of Khalil's car. Khalil testified:

... So, I went out of my car and at that moment when I looked behind me I saw Zuhdi and his brother were running to Issa and Mohamad and Abd Elrahim to face them. ... As soon as they meet to each other there I get out of my car. I walked back about two or three yards from my car, the rear of my car. I heard the shooting behind my car. One of the shooting was just in front of me. I throw myself to the side of the road. I recognized Nazer. He was using the gun that night and I was sure he was there. So, I called him to stop shooting, what it is he shooting for, and he said, "Khalil, you forget '68?" I said, "No." Then I went back to my car. I had my gun in my car at that moment and I rushed to go to my car and pull it out and then I shoot about three shots in the air.

Later testimony developed that Khalil had obtained a civil judgment against Nazer in 1968 at which time Khalil "attach[ed] [Nazer's] car and then [Nazer] left the island." Khalil was adamant that he made no effort to utilize his pistol, lawfully possessed under a permit and lodged in the glove compartment of his car, until after the other shots

477

were first fired: "I noticed he [Nazer] was shooting at me when I asked him what's the shooting for, and he told me, 'you forget '68?' " Thus, according to the accused's account, he did not intentionally fire at either of the victims.

■ ■ We are persuaded that if the jury accepted Khalil's testimony, the self-defense and lawful violence provisions of the Code would have been relevant to his defense because of the general rule that a person is not guilty of an assault and battery for unintentionally injuring a third person while acting in self-defense. State v. Castillo, 457 P.2d 618, 23 Utah 2d 70 (S.Ct. of Utah, 1969). At best, his amorphous defense has the capability of being distilled to this: he did not deliberately aim and shoot at either of the victims; he only fired in self-defense in response to Nazer's shooting at him; his shots were fired in the air; and the victims had been shot either by Nazer or, accidentally, by him.[2] Thus the self-defense and lawful violence issues are relevant only to the issue of why the defendant fired his pistol. There is no suggestion that he fired in response to any actions of the victims, but only in response to the shooting by the third party, Nazer. Although other witnesses contradicted his version of the shooting, Khalil's credibility nevertheless was for the jury, United States v. Barber, 442 F.2d 517, 522 (3d Cir. 1971), and there being a basis in his testimony for the application of the self-defense doctrine, the instructions should have been submitted as requested. Under such circumstances, "it is not the province of the court to accept or

[2] Some recognition of the contours of the defense may be found in the closing address of defense counsel:

I'm suggesting that Khalil acted prudently. He didn't aim the gun at Nazer, as indeed he should have, since Nazer was shooting at him and saying "You forget '68?" What he said and you heard him, was that by propelling a number of shots in the air he made an effort, and it turned out to be successful, to stop the shooting, because he said once he began to fire into the air the shooting stopped. Now, how are we going to determine that if there are two people shooting that this fellow, who happens to be brought here before you today, is the one who did the shooting? How? And there again is a factual issue that we are going to ask you to resolve in this man's favor.

478

reject testimony tending to establish self-defense," United States ex rel. Crosby v. Brierley, 404 F.2d 790, 801 (3d Cir. 1968).

The judgment of conviction will be vacated and the proceedings remanded for a new trial.