## UNITED STATES

v.

Captain Edward J. COHEN, 264–80–8571 FV, 1998th Communications Squadron (formerly of 2017th Communications Squadron), Aerospace Defense Command.

### ACM 22070.

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 Feb. 1976.

Decided 23 Dec. 1976.

Appellate Counsel for the Accused: Mr. Robert Rivers and Mr. Luis A. Gonzalez, Westbury, New York, Colonel Jerry E. Conner and Colonel Robert W. Norris.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain William T. Snyder.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION

HERMAN, Judge:

Despite his plea, the accused was convicted by general court-martial of a single specification of aggravated assault, by the intentional infliction of a deep stab wound in the chest of another officer, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. The approved sentence is dismissal and total forfeitures.

Civilian counsel for the accused have submitted a petition for a new trial, Article 73, Code, supra, accompanied by a brief alleging 17 assignments of error. Only two matters alleged in the petition and brief merit discussion herein. The remaining averments are either without merit or were adequately discussed in the post-trial review of the staff judge advocate and properly resolved against the accused.

In the first issue we consider, counsel allege the military judge erred prejudicially by refusing to instruct the court regarding the defense of accident or misadventure, as requested by trial defense counsel. We disagree as we find insufficient evidence in the record to reasonably raise the issue. On the contrary, the accused testified:

Q: [Assistant Defense Counsel] Now, you say you swung at him. Which arm did you swing at him?

A: My right hand.

Q: And did you have the knife in your right hand?

A: Yes, I did.

\* \* \* \* \* \*

Q: [Trial Counsel] You swung at him?

A: With my right hand.

Q: And that was the hand the knife was in.

A: And I tried to block him with my left.

Q: Now, you knew that knife was in your right hand?

A: At that time, yes.

Q: And you knew it was in your right hand when you swung it?

A: Yes.

\* \* \* \* \* \*

Q: But you were aware that you swung your hand, were you not?

A: That's right.

As argued by trial counsel, and as discussed in the post-trial review of the staff judge advocate, the defense of accident is not raised by showing that the ultimate consequence of an act is unintended or unforeseen where the act was specifically intended and directed at another. *United States v. Femmer*, 14 U.S.C.M.A. 358, 34 C.M.R. 138 (1964). The governing law was well-stated by Chief Judge Quinn in *United States v. Pemberton*, 16 U.S.C.M.A. 83, 84, 36 C.M.R. 239, 240 (1966):

Physical injury inflicted upon another with a dangerous instrumentality is not criminally punishable if it is the result of an accident. However, accident is not synonymous with unintended injury. A particular act may be directed at another without any intention to inflict injury, but if the natural and direct consequence of the act results in injury, the wrong is not excusable because of accident. Accident is an unexpected act, not the unexpected consequence of a deliberate act. [Citations omitted].

It is clear from the testimony of the accused that he was fully aware of holding the knife in his hand when he intentionally struck the victim in the chest. For this reason, we find no merit on this assignment of error.

In their petition for new trial, civilian counsel allege inadequacy of defense counsel, in that they did not object to some leading questions and did not follow up on certain cross-examination. They further allege that the accused improvidently waived defense by the circuit defense counsel, opting for the joint efforts of individual military counsel and area defense counsel.

When this trial commenced, the military judge immediately inquired into the subject of defense counsel. The accused was carefully questioned by the military judge concerning his desires regarding counsel. The accused specifically chose one attorney as individual counsel and accepted the assistant defense counsel (whose primary duties as an area defense counsel are concerned with the defense of members of the Air Force) to collaborate in his defense. At no time during the course of the trial was there the slightest hint that the accused was dissatisfied with either counsel.[1]

[An] "accused is entitled to the assistance of an attorney of reasonable competence, whether that attorney is one of his own selection or appointed for him." *United States v. Walker*, 21 U.S.C.M.A. 376, 378,

1. *United States v. Baugh*, 33 C.M.R. 913 at 925 (A.F.B.R. 1963), *pet. denied*, 14 U.S.C.M.A. 682, 33 C.M.R. 436 (1963).

45 C.M.R. 150, 152 (1972). No longer is the test for inadequacy of counsel whether "the proceedings by which he was convicted were so erroneous as to constitute a ridiculous and empty gesture, or were so tainted with negligence or wrongful motives on the part of counsel as to manifest a complete absence of judicial character." *United States v. Hunter,* 2 U.S.C.M.A. 37, 41, 6 C.M.R. 37, 41 (1952). The *Walker* case pointed toward a higher standard of performance, having moved in that direction through the Court of Military Appeals decisions in *United States v. Allen,* 8 U.S.C.M.A. 504, 25 C.M.R. 8 (1957) and *United States v. Broy,* 14 U.S.C.M.A. 419, 34 C.M.R. 199 (1964).[2]

Senior (now Chief) Judge LeTarte of this Court wrote, in the not too distant past:

> The highest degree of professional judgment and competency is expected of appointed defense counsel. Counsel is bound to represent his client with all his skill, but the effectiveness of a defense cannot be measured solely by the outcome of the trial. Nor can any set rule be promulgated to test the adequacy of defense counsel's representation of an accused. Each case must be decided on its own merits, recognizing that there may be a legitimate difference of opinion as to the effect of defense counsel's acts or omissions. [Citations omitted.]

*United States v. Dunn,* 44 C.M.R. 929 (A.F. C.M.R. 1972), pet. denied, 21 U.S.C.M.A. 635, 44 C.M.R. 939 (1972).

Although the *Hunter* standard can no longer be considered viable, the insights of Judge Latimer still command our attention:

> Few trials are free from errors of judgment on the part of counsel and there are no standards in a record by which we can measure some of the claimed errors. Many records reflect examples of doubtful trial tactics but counsel cannot be censured [sic] for not adopting the best. It must be remembered that appellate counsel and this Court have the advantage of viewing the record after the findings and verdict, and when the decisions made in the conduct of the trial may be distorted by our lack of knowledge possessed by trial counsel. It is all too easy for a losing litigant to complain on appeal of too few conferences, failure to call witnesses, lack of cross-examination and other items too numerous to mention. But usually, as in this case, they fail to suggest how or in what way they have been prejudiced. It hardly need be said that if there are no facts or theories to develop, conferences are of little help; if there are no witnesses favorable to the accused, counsel cannot be criticized for failure to call; and too much cross-examination is often more damaging than too little. [Citation omitted.]

*United States v. Hunter,* supra, at 41.

 In the instant case, defense counsel's first efforts, even before the members were assembled, were successful in preventing the prosecution from presenting two witnesses who were to give evidence of admissions by the accused. The defense conducted a very thorough voir dire examination of the members objected to and ably argued against evidence at appropriate times throughout the trial, conducted searching and comprehensive cross-examinations, attempted to develop affirmative defenses, and meticulously examined the evidence at all pretrial stages in order to impeach prosecution witnesses. They also drafted and proposed several instructions to the military judge, and argued forcefully for their applicability to this case. In short, counsel conducted an excellent, professional, thoroughly competent defense for the accused. That appellate counsel may disagree with certain trial tactics is scarcely grounds for declaring the conduct of the defense unreasonable and incompetent. We find this assignment of error to be entirely without merit. As we do not find newly discovered evidence or a fraud on the court, the petition for new trial is accordingly denied. Paragraph 109 d, Manual for Courts-Martial 1969 (Rev.).

---

2. An excellent analysis of the developing case law on this subject is found in Senior Judge Thomas' decision in *United States v. Zuis,* 49 C.M.R. 150 (A.C.M.R. 1974).

The findings of guilty and the sentence are

AFFIRMED.

BUEHLER, Senior Judge, and ORSER, Judge, concur.

UNITED STATES

v.

**Airman Basic Biff H. JONES, FR 452–98–3741, 3902d Transportation Squadron, 1st Strategic Aerospace Division (SAC).**

ACM 22102.

U. S. Air Force Court of Military Review.

Sentence Adjudged 5 May 1976.

Decided 27 Dec. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner, Colonel Robert W. Norris and Major Gary C. Smallridge.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.