UNITED STATES, Appellee,

v.

Private First Class Sanito N. TALIAU, SSN 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, United States Army, Appellant.

SPCM 13541.

U. S. Army Court of Military Review.

13 June 1979.

---

Major Benjamin A. Sims, JAGC, Major Carlos A. Vallecillo, JAGC, and Captain Jacob J. Holeman, JAGC, were on the pleadings for the appellant.

Colonel Thomas H. Davis, JAGC, Captain Robert D. Newberry, JAGC, and Captain Paul G. Thomson, JAGC, were on the pleadings for the appellee.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

THORNOCK, Judge:

Appellant was convicted in a bench trial, contrary to his pleas, of two specifications of aggravated assault and one specification of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. The sentence imposed by the military judge and approved by the convening authority was a bad-conduct discharge, confinement at hard labor for four months and forfeiture of $200.00 pay per month for four months. The appellant urges four errors for our consideration on appeal. We find two of those errors meritorious and reverse.[1]

### I

The appellant, a soldier of Samoan extraction, was convicted of assaults that occurred five days apart. The first assault occurred in the "Blue Lounge," the local enlisted men's club at Camp Hovey, Korea. The appellant had spent the evening at the club with friends. Several KATUSA soldiers (Korean Augmentation to the US Army) were at an adjacent table. Although the evidence is conflicting, we are constrained to find that the appellant was assaulted by a much larger, very bellicose soldier. The assault was preceded by several racial epithets and challenges by the belligerent soldier. As the appellant was on a stairway leaving the Blue Lounge, he was warned to "look out" because he was being pursued. He was thereafter kicked, at least once, in the groin by the aggressor. The

---

1. We specifically acknowledge the excellent helpful briefs of both trial and appellate counsel in preparing this opinion.

appellant was either pushed or fell down the exit stairs with the aggressor behind and above him. He sought to defend himself and in so doing found a short piece of pipe-like material used for rat poison. He threw the pipe at his pursuer who ducked, and the pipe struck one of the KATUSA soldiers, the named victim of the first assault, above the eye.

■ Under these facts the trial judge did not find that the appellant could avail himself of self-defense. We disagree. We find that the appellant's actions were reasonable. Under the circumstances he had reasonable grounds to apprehend that grievous bodily harm was about to be inflicted upon him. Further we find that the force used by the appellant was necessary for his protection and not unreasonable or excessive. Thus self-defense would lie had the appellant been charged with an assault on his tormentor. *See United States v. Yabut,* 20 U.S.C.M.A. 393, 43 C.M.R. 233 (1971); *United States v. Vaughn,* 15 U.S.C.M.A. 622, 36 C.M.R. 120 (1966); *United States v. Jackson,* 15 U.S.C.M.A. 603, 36 C.M.R. 101 (1966); and *United States v. Ratliff,* 49 C.M.R. 775 (A.C.M.R.1975); Paragraph 216c, Manual for Courts-Martial, United States, 1969 (Revised edition).

In the instant case however, appellant was charged with an aggravated assault on an innocent bystander, the KATUSA soldier. Although paragraph 216c, MCM, 1969 (Rev.), and the cases cited above generally talk about self-defense as against an aggressive *actor* and not an innocent third party and they often give examples of an unintentional death as being excusable rather than unintentional injury, we hold that in the military, by analogy, self-defense also lies for unintentional injury to an innocent third party. We are persuaded

that the general rule is "that a person is not guilty of an assault and battery for unintentionally injuring a third person while acting in self-defense." (citation omitted.) *Government of Virgin Islands v. Salem,* 456 F.2d 674, 675 (3rd Cir. 1972).[2] Thus the appellant could avail himself of self-defense and is not chargeable for the injury to the KATUSA soldier. The resolution established herein is also akin to the defense of accident as it applies to the appellant vis-a-vis the KATUSA victim. The appellant's otherwise unlawful act, the assault of throwing the pipe, was excused in the law by the self-defense. For accused to avail themselves of the defense of accident, *ab initio,* they must have been doing a lawful act in a lawful manner.[3]

## II

■ The second set of assaults occurred outside the "Blue Lounge" as well. Again, as in the earlier incident, the evidence is conflicting. It appears, however, that the two named victims were assaulted by a group of soldiers that were either "Samoan" or "Black." Neither victim could identify his assailant. The evidence of the assailants' identity was somewhat circumstantial and involved the question of the dress of one of the assailants as being a "yellow sweat shirt" of which apparently there were many in the appellant's unit. Appellant and two other witnesses, including one of the victims, testified that appellant wore a "blue aloha shirt" on the night in question. The appellant testified that he stopped to assist one of the victims thus getting blood on his hands and trousers. He also testified that he put on his yellow sweat shirt only after he was apprehended before being taken to the military police

---

2. *See also,* 6A C.J.S. Assault and Battery § 87, and Burdick, *Law of Crime,* Volume 2 p. 143.

3. *See* paragraph 216b, MCM, 1969 (Rev.); *United States v. Harrison,* 19 U.S.C.M.A. 179, 41 C.M.R. 179 (1970); *United States v. Tucker,* 17 U.S.C.M.A. 551, 38 C.M.R. 349 (1968); *United States v. Perry,* 16 U.S.C.M.A. 221, 36 C.M.R. 377 (1966); *United States v. Pemberton,* 16 U.S.C.M.A. 83, 36 C.M.R. 239 (1966); *United States v. Torres-Diaz,* 15 U.S.C.M.A. 472, 35 C.M.R. 444 (1965); *United States v. Femmer,* 14 U.S.C.M.A. 358, 34 C.M.R. 138 (1964); *United States v. Redding,* 14 U.S.C.M.A. 242, 34 C.M.R. 22 (1963); *United States v. Sandoval,* 4 U.S.C.M.A. 61, 15 C.M.R. 61 (1954); *United States v. Moyler,* 47 C.M.R. 82 (ACMR), *pet. denied,* 48 C.M.R. 1000 (1973); *United States v. Small,* 45 C.M.R. 700 (A.C.M.R.1972).

station. While at the station two of the government witnesses saw the appellant and identified him primarily by the yellow shirt. At trial one of the government witnesses identified the appellant as a perpetrator. This witness' testimony is weakened by his own observation that the appellant was in the "Blue Lounge" when the melee started. There is no explanation of how the appellant could be in the club talking with the witness when the melee started and a short time later be identified by the same witness as one of the perpetrators. Further the description of the yellow shirt was varied significantly among the government witnesses. These inconsistencies plus the fact that the other principal government witness could not identify the appellant in the courtroom, severely damages the Government's case. This inconsistent testimony and the corroborated testimony of the appellant concerning his denial and his dress in the "blue aloha shirt," in our view, prevents the government from meeting its burden of proof beyond a reasonable doubt. We recognize that the trier of fact saw the witnesses and heard the testimony, and that his determination should not be lightly disregarded, *United States v. Frierson,* 20 U.S.C.M.A. 452, 43 C.M.R. 292 (1971). However, by statutory mandate we too must make an independent determination of the facts of the case and must be convinced beyond a reasonable doubt of the appellant's guilt. On the record presented, we are not so convinced. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

Accordingly, the findings of guilty and the sentence are set aside. The charges are dismissed.

Chief Judge DE FIORI and Senior Judge CARNE concur.