UNITED STATES, Appellee,

v.

Scott P. CURRY, Boatswain's
Mate Seaman Apprentice
U.S. Navy, Appellant.

No. 68,252.
CMR No. 90 3343.

U.S. Court of Military Appeals.

Argued March 3, 1993.
Decided Sept. 27, 1993.

For Appellant: *Lieutenant Michael C. Pallesen,* JAGC, USNR (argued).

For Appellee: *Lieutenant Commander Stephen A. Stallings,* JAGC, USN (argued); *Colonel T.G. Hess,* USMC (on brief); *Commander W.F. Shields,* JAGC, USN and *Lieutenant Dwight N. Mersereau,* JAGC, USNR.

*Opinion of the Court*

COX, Judge:

Appellant stands convicted of striking a superior commissioned officer and communicating a threat to injure that officer, in violation of Articles 90 and 134, Uniform Code of Military Justice, 10 USC §§ 890 and 934, respectively.[1] The issue before

1. On August 1, 2, and 3, 1990, appellant was tried and convicted, contrary to his pleas, by

this Court is whether the Court of Military Review erred in holding the military judge was not required to instruct the members on the defense of accident relative to the offense of striking a commissioned officer.[2]

On May 16, 1990, Boatswain's Mate Seaman Apprentice Curry was aboard the USS PETREL (ASR–14) deployed in the Gulf of Mexico. On May 16, appellant was at the helm (in this case, a large wheel in the pilot house unlike the more modern, smaller wheels) engaged in maneuvering drills: specifically, man-overboard drills. Lieutenant Perri was standing about two feet behind appellant giving him instructions regarding his steering. Appellant's performance at the helm was poor, and he oversteered the course on three occasions during the drills. Each time, before he oversteered, appellant's lieutenant warned him that he was oversteering. Appellant became annoyed and said "words to the effect, 'Boatswain's Mate, get the Lieutenant out of here before I hit him in the face.' " The fourth time appellant overshot the course, he swung around and hit the lieutenant in the face with his right elbow. When his arm made contact with the lieutenant's face, appellant was so off balance that if he had not been holding the wheel with his left hand, he would probably have fallen over. In general, appellant's steering was erratic, and he seemed to put his whole body into spinning the wheel.

▪ At trial, the defense did not deny that appellant's elbow made contact with Lieutenant Perri's face. Rather, they argued it was not intentional contact but that it was an accident. Appellant requested the military judge to instruct the members on the defense of accident. In a session under Article 39(a), UCMJ, 10 USC § 839(a), the military judge opined that accident is not a defense to a specific-intent offense. However, the judge agreed to give instructions on accident with regard to the lesser-included offense of culpably negligent battery or unlawful striking under Article 128, UCMJ, 10 USC § 928.

The military judge's instructions included the following:

[U]nder Specification 1 of Charge I, the battery must have been an intentional act. It cannot be a culpably negligent act. You must be satisfied beyond a reasonable doubt that the striking was intentional. The act must be done without legal justification or excuse and without the lawful consent of the victim. . . .

\* \* \*

Members of the court, there was testimony and evidence presented to you which might indicate to the trier-of-fact that the accused's conduct by swinging his elbow to the rear was not an intentional act but was rather an act which may have been culpably negligent. Keep in mind that I told you that culpable negligence is inapplicable to the greater offense of a violation of Article 90. The act must have been intentional in order to find the accused guilty of the charged offense.

However, given the posture of the evidence and given the contents of the Prosecution Exhibit 3 [3], as well as the testi-

general court-martial composed of officer members. He was sentenced to 12 months' confinement, total forfeitures, and reduction to pay grade (E–1); no punitive discharge was adjudged. The convening authority approved the sentence, and the Court of Military Review affirmed in an unpublished opinion dated April 23, 1992.

2. We also granted review of the following issue:

WHETHER APPELLANT'S COURT–MARTIAL LACKED JURISDICTION WHERE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION, AND WHETHER THE

COURT OF MILITARY REVIEW WAS WITHOUT POWER TO REVIEW THIS CASE WHERE THEY TOO WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. 37 MJ 75 (1992).

We disposed of this issue in *United States v. Weiss*, 36 MJ 224 (CMA 1992), *aff'd*, —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994).

3. This was appellant's statement dated 20 May 1990, which began: "I Scott P. Curry on or about 08–12 watch hit Mr. Perry [sic] in the mouth. This was not intentionally done but was accidental."

mony of live witnesses, that act may have been an act that was not intentional, but as stated was one that was culpably negligent. If you are not convinced that the government has proven each of the five elements of the charged offense beyond a reasonable doubt, you might next turn to the lesser included offense of a violation of Article 128, assault and battery, and you may consider the lesser included offense only with regards to Specification 1 of Charge I....

\* \* \*

Keep in mind at this point, the defense of accident does not lie in a specific intent offense as Specification 1 of Charge I, but it would be applicable, any [sic] may be considered by you, with regards to the lesser included offense of a violation of Article 128, assault consummated by a battery.

\* \* \*

As I earlier told you, there has been the defense of accident which has been raised in this case by the posture of the evidence. This defense would be applicable to Specification 1, the lesser included offense of a violation of Article 128, assault consummated by a battery. The evidence has raised the issue of accident in relationship to the offense of assault and battery. Accident is a complete defense to this offense. If the accused was doing a lawful act in a lawful manner free of any negligence on his part, and an unexpected injury occurs, the accused is not criminally responsible.

The defense of accident has three parts. First, the accused's act or failure to act resulting in injury must have been lawful. Second, the accused must not have been negligent. In other words, the accused must have been acting with the amount of care for the safety of others that a reasonably prudent person would have used under the same or similar circumstances. And third, the injury must have been unforeseeable and unintentional. The burden is on the prosecution to establish the guilt of the accused. You must be convinced beyond a reason-

able doubt that the injury was not an accident before you can convict the accused of the lesser included offense. If you are satisfied beyond a reasonable doubt that the injury to Lieutenant Perri was a result of the accused's negligence by striking Lieutenant Perri in the face or rather the mouth with his elbow, then the defense of accident does not apply. However, that does not necessarily mean the accused is guilty of this offense.

I have advised you that in order to find the accused guilty of a violation of Article 128, assault consummated by a battery, one of the elements is that the accused inflicted bodily harm either intentionally or by a culpably negligent act or failure to act. I remind you of the definitions of simple negligence and culpable negligence which I gave you earlier. Culpable negligence is a degree of carelessness greater than simple negligence. Simple negligence is the mere absence of due care. The law requires, as I earlier, told you that everyone at all times demonstrate the care for the safety of others that a reasonably prudent person would demonstrate under the same or similar circumstances. This is what due care means. Culpable negligence is a negligent act or failure to act accompanied by a gross, reckless, indifferent, wanton, or deliberate disregard for the foreseeable results to others instead of merely a failure to use due care. A finding by you of simple negligence by the accused will deprive the accused of the defense of accident. However, simple negligence is not enough to find the accused guilty of the offense of assault consummated by a battery under Article 128.

The Court of Military Review found no error in the judge's instructions. We disagree and hold that the judge's instructions, as a whole, were so confusing as to constitute plain error. *United States v. Fisher*, 21 MJ 327 (CMA 1986).

 All crimes under the Uniform Code contain *mens rea* elements, ranging from specific intent to simple negligence.

Although listed in the Manual for Courts-Martial, United States, 1984, along with other "defenses," accident is, in reality, merely the absence of *mens rea*. *See* § 2.02, ALI Model Penal Code, *reprinted in ALI Model Penal Code and Commentaries* 225–27 (1985); W. LaFave & A. Scott, *Substantive Criminal Law* § 1.8(c) at 71 (1986); W. Keeton, D. Dobbs, R. Keeton, and D. Owen, *Prosser and Keeton on Law of Torts* (hereafter Prosser and Keeton on Torts) §§ 28–29 at 160–64 (5th ed. 1984); G. Williams, *Criminal Law: The General Part* 30–31 (1961); O.W. Holmes, *The Common Law* 94–95 (1923). Accident, while loosely called an "affirmative defense," is more accurately a "substantive law defense which negatives guilt by cancelling out" one or more *mens rea* components.[4] W. LaFave & A. Scott, *supra; cf. United States v. McMonagle*, 38 MJ 53 (CMA 1993); *United States v. Berri*, 33 MJ 337, 342–43 and nn. 10 & 11 (CMA 1991); *Ellis v. Jacob*, 26 MJ 90 (CMA 1988).

RCM 916(f), Manual, *supra*, defines accident as follows:

> A death, injury, or other event which occurs as the unintentional and unexpected result of doing a lawful act in a lawful manner is an accident and is excusable.

**4.** A claim of accident can only amount to an attack on an element, since the "defense" cannot exist side by side with the Government's *prima facie* case. If an accused was acting in a lawful manner, doing a lawful act, and unexpected, unintentional misfortune befell, he lacked *mens rea*. If he had *mens rea*, he was not acting in a lawful manner, doing a lawful act, and the misfortune was foreseeable.

**5.** In lay terms, the word "accident" might be used to describe virtually any result not specifically intended. The legal definition of accident, however, reveals a much narrower defense.

**6.** It is this discussion which apparently is leading judges down the primrose path to error. *See United States v. Van Syoc*, 36 MJ 461 (CMA 1993). There is a distinction between the defense of "accident" and unintentional conduct. The former is a complete defense, which eliminates *mens rea* altogether, whereas the latter merely attacks intent. For example, a person is driving an automobile in a residential neighborhood. A child darts out from a side driveway

This definition merely states the converse of simple negligence.[5] *See* Prosser and Keeton on Torts, *supra*, Ch. 5; *United States v. Torres–Diaz*, 15 USCMA 472, 35 CMR 444, 1965 WL 4703 (1965); para. 85c(2), Part IV, Manual, *supra* (simple negligence defined). *See also* RCM 916(f), Discussion ("The defense of accident is not available when the act which caused the death, injury, or event was a negligent act").[6] Thus, when raised by evidence, *United States v. Ferguson*, 15 MJ 12 (CMA 1983), a "defense" of accident clearly *applies* to all allegations of assault. Indeed, if the accused is successful in raising a reasonable doubt as to any requisite *mens rea* element, the result is acquittal.

In this regard, the military judge's instructions were most confusing. By informing the members that "the defense of accident does not lie in a specific intent offense," the judge effectively told the members to disregard any accident evidence with respect to the charge of striking an officer. That is a completely misleading statement of law. Because it can amount to a total refutation of the intent element, accident can be a complete defense to any specific-intent offense.

and is struck and killed. The driver is charged with unpremeditated murder under Article 118(2), Uniform Code of Military Justice, 10 USC § 918(2). If the evidence shows that the driver was driving carefully, lawfully, and without neglect, then the driver is not guilty of any offense. The homicide was an "accident."

On the other hand, if the driver was driving recklessly, he or she might well be found guilty of involuntary manslaughter based upon culpable negligence under Article 119(b)(1), UCMJ, 10 USC § 919(b)(1). If the driver is simply negligent, he or she could be found guilty of negligent homicide under Article 134, UCMJ, 10 USC § 934. As to the latter two categories of homicide, the driver is entitled to have the factfinders understand that he or she did not intend the consequences; thus, criminal liability is mitigated. There is a thin, but distinct line between the "accident defense," an absolute defense, and an "accident" as that word is ordinarily understood by lay persons. Accident is "an unforeseen and unplanned event or circumstance." *Webster's Ninth New Collegiate Dictionary* 49 (Merriam–Webster Inc., 1991).

■ In addition, the judge at several points suggested that, upon various occurrences, "the defense of accident does not apply" or "the accused [would be] deprive[d] of the defense of accident," with respect to the lesser-included offense of culpably negligent battery. These also were extremely misleading statements. Nothing bars a factfinder from considering relevant, admissible evidence offered by the defense to attack an element of an offense. *See* Mil.R.Evid. 401 and 402, Manual, *supra*. Even if we, as lawyers, can sift through the instructions and deduce what the judge must have meant, the factfinders were not lawyers and cannot be presumed to correctly resurrect the law. Under the circumstances, we cannot be confident that appellant had a fair hearing on his attack on *mens rea.*[7] To the extent military judges rely blindly on the pattern instructions contained in paragraph 5–4, Military Judges' Benchbook at 5–11 [Dept. of the Army Pamphlet 27–9 (1982)], they may be doing so to the detriment of their records of trial.

The decision of the United States Navy–Marine Corps Court of Military Review is reversed as to specification 1 of Charge I and the sentence. The findings of guilty thereon and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing on specification 1 of Charge I and the sentence may be ordered or the convening authority may dismiss that specification and order a rehearing on sentence only based on the remaining findings of guilty.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS concur.

---

7. Accident was appellant's sole defense at his court-martial, and the defense was raised without question, even by the prosecution's evidence.