**UNITED STATES**

v.

**Airman First Class William R. ARNOLD, Jr., FR388–94–0053 United States Air Force.**

**ACM S28755.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 19 Nov. 1992.

Decided 20 July 1994.

Appellate Counsel for Appellant: Colonel Terry J. Woodhouse, Colonel Jay L. Cohen, Lieutenant Colonel Frank J. Spinner, Captain Del Grissom, and Captain Eric N. Eklund.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise, Lieutenant Colonel Thomas E. Schlegel, and Captain Jane L. Harless.

Before SNYDER, RAICHLE, and YOUNG, Appellate Military Judges.

## OPINION OF THE COURT

RAICHLE, Senior Judge:

Our original opinion in this case was unpublished (ACM S28755, 15 July 1994). That opinion is hereby withdrawn.

The appellant, Airman First Class William R. Arnold, Jr., was convicted by a special court-martial, pursuant to his pleas, of assault and battery on his 1–month–old son by forcefully shaking him, a violation of Article 128, UCMJ, 10 U.S. Code § 928 (1988). He was sentenced to a bad-conduct discharge, confinement for 6 months, and reduction to E–1. In his appeal he alleges that his pleas of guilty were improvident and that his sen-

tence is inappropriately severe. We disagree and affirm.

The facts, as gleaned from the appellant's confession and the *Care* inquiry, are as follows. The appellant had just come home from work and was babysitting his 1–month–old son while his wife was out. When the baby started crying, the appellant tried to comfort him, to no avail, and placed him in an infant swing because that usually calmed him down. However, this time it did not work and after 15–20 minutes, the appellant held him in the swing with his left hand and shook both him and the swing back and forth for about a minute with his right hand. He then walked away and asked himself why he had done that and told himself how dumb it was because the baby was still crying. He then picked up the baby, fed him and held him until he fell asleep in his arms. The appellant assumed everything was all right. However, about a month later the appellant and his wife took the baby to the emergency room because he was exhibiting seizure-like activity. The child was diagnosed as suffering from a subdural hematoma caused by nonaccidental trauma, a common result of child abuse.

During the course of the *Care* inquiry, the following exchange took place:

MJ: And did you—do you feel that—as a parent, of course, you have a right to moderately discipline your children. Do you feel this was moderate discipline of your child or do you feel this was excessive force?

ACC: No, I feel it was excessive force, sir. At the time I did not know that.

MJ: But as soon as it occurred, you realized that that was wrong to have done that, is that right?

ACC: I'm not admitting that it was wrong the way I done, sir. I'm admitting that I—(Defense Counsel spoke to the accused.) Sir, I feel the way I reacted was wrong, at the time.

MJ: You're—in other words, what you're trying to say is maybe you were trying to discipline your child but it got out of hand?

ACC: Yes, Sir. .

MJ: And looking back on it, do you feel that the force you used was excessive under the circumstances, for moderate chastisement of a child?

ACC: Yes, sir.

Article 45, UCMJ, 10 U.S.Code § 845 (1988), precludes the entry of inconsistent, improvident, or uninformed pleas of guilty. If a military judge's inquiry into the factual basis of the pleas raises a potential defense, "the judge must explain this defense and reject the pleas if the defense is not negated." *United States v. Winter,* 35 M.J. 93, 94 (C.M.A.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1268, 122 L.Ed.2d 664 (1993). However, when a plea of guilty is attacked for the first time on appeal, the facts will be viewed in the light most favorable to the government. *United States v. Hubbard,* 28 M.J. 203 (C.M.A.1989).

On appeal, the appellant requests we disapprove the findings of guilty because the defense of accident was raised by the appellant's responses during the *Care* inquiry. Appellant first urges he should not be held liable because the injury to his son was unintentional. However, as stated long ago:

> Accident is not synonymous with unintended injury. A particular act may be directed at another without any intention to inflict injury, but if the natural and direct consequence of the act results in *injury,* the wrong is not excusable because of accident. Accident is an unexpected act, not the unexpected consequence of a deliberate act.

*United States v. Pemberton,* 16 U.S.C.M.A. 83, 36 C.M.R. 239, 1966 WL 4452 (1966).

Thus, we will test to see if the defense of accident was raised. R.C.M. 916(f) states: "A death, injury or other event which occurs as the unintentional and unexpected result of doing a lawful act in a lawful manner is an accident and excusable." The defense of accident has three elements:

1) Evidence must be introduced that the accused was engaged in an act not prohibited by law, regulation, or order;

2) The lawful act must be shown by some evidence to have been performed in a lawful

manner, i.e., with due care and without simple negligence; and

3) There must be some evidence in the record of trial that this act was done without any unlawful intent.

*United States v. Van Syoc*, 36 M.J. 461, 464 (C.M.A.1993) (quoting *United States v. Ferguson*, 15 M.J. 12, 17 (C.M.A.1983)).

The appellant would seem to qualify under the first and third elements of the defense. It is axiomatic that a parent is authorized, and in fact expected, to discipline his children, although one must question whether the cognitive ability of a 1–month–old infant is sufficiently developed to derive any benefit whatsoever from such "discipline." However, giving the appellant the benefit of the doubt, we will assume, without deciding, that his actions did not violate any law, regulation, or order. With regard to the third element, there is no indication that the appellant acted with any unlawful intent.

The problem arises, however, with meeting the second element, that the lawful act was performed in a *lawful manner*, i.e., with due care and without simple negligence. In determining this issue, we will look to the law and literature concerned with the limits of parental discipline, adopting the American Law Institute's Model Penal Code. *United States v. Brown*, 26 M.J. 148 (C.M.A.1988). As noted in *United States v. Scofield*, 33 M.J. 857, 860 (A.C.M.R.1991):

> Professors LaFave and Scott have written that a parent may punish a child for wrongdoing and not be guilty of a battery if the punishment is inflicted for the purpose of safeguarding or promoting the child's welfare, and if the punishment thus inflicted is not excessive in view of all the circumstances (including the child's age, sex, health, the misconduct on the present occasion and in the past, the kind of punishment inflicted, and the degree of harm done to the child thereby). W. Lafave & A. Scott, *Handbook on Criminal Law* 389–390 (1972).

■ The right of a parent to discipline his or her child is not without limits. *United States v. Robertson*, 36 M.J. 190, 191 (C.M.A. 1992). The amount of force used must be reasonable or moderate. *United States v. Gowadia*, 34 M.J. 714 (A.C.M.R.1992). Thus, in considering the amount of discipline to give a child, the age, the physical and mental condition, its size, and its understanding should be considered. Sometimes a great deal of force may be used. In other cases, less force is appropriate. It is possible for a lawful act to be done in such a manner as to make it unlawful.

■ Applying these standards to the instant case, we find that violently shaking a 1–month–old infant in the manner indicated for about a minute was clearly excessive, given the age, size, and physical and mental condition of the victim in this case.

Therefore, the elements of the defense of accident were not present, the defense was not raised and there was no requirement for the military judge to inquire further. We find the appellant's plea of guilty was provident.

■ The appellant further avers that his sentence of a bad-conduct discharge, confinement for 6 months, and reduction to E–1 is inappropriately severe. Appellant's sentence, while approaching the jurisdictional limit of a special court-martial, is well within the maximum for the offense of which he was convicted. However, as his brief states, a legal sentence is not inherently an appropriate sentence. *See United States v. Baker*, 29 M.J. 126 (C.M.A.1989). Our task is to review only the appropriateness of the sentence, for clemency is not within our purview. *United States v. Healy*, 26 M.J. 394 (C.M.A.1988). Therefore, after giving individualized consideration to the appropriateness of the sentence, weighing the nature and seriousness of the offense, the character and military performance of the appellant, and all the circumstances documented in the record of trial, we do not find the sentence inappropriately severe. *United States v. Snelling*, 14 M.J. 267 (C.M.A.1982).

We have examined the record of trial, the assignment of errors, and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the

appellant was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge SNYDER and Judge YOUNG concur.