**UNITED STATES, Appellee,**

v.

**J.C. ROBERTSON, Specialist
U.S. Army, Appellant.**

No. 67,369.
CM 9002592.

U.S. Court of Military Appeals.

Argued Oct. 5, 1992.
Decided Dec. 10, 1992.

For Appellant: *Captain Timothy M. Lawlor* (argued); *Lieutenant Colonel James E. Weise* and *captain Michael P. Moran* (on brief); *Captain Michael J. Berrigan.*

For Appellee: *Captain Robert J. Walters* (argued); *Lieutenant Colonel Daniel J. Dell'Orto*, and *Major Joseph C. Swetnam* (on brief); *Lieutenant Colonel Joseph A. Russelburg.*

*Opinion of the Court*

COX, Judge.

Appellant used a belt to spank his 7-year-old daughter. The child was disciplined for getting out of bed during her nap, going into her mother's possessions, and spraying her mother's perfume on a pillow. The day following the beating, the child was unwilling to take her seat at school and behaved unusually. The girl's first-grade teacher discovered bruises on the child's buttocks and referred her to the school nurse. The nurse had the child taken to Martin Army Hospital on Fort Benning, where a pediatrician determined that she had been struck hard on the buttocks a number of times and that the injuries were serious. X-rays were taken to determine the extent of the injuries. The hospital notified an agent from the Criminal Investigation Command (CID), who took photographs. The girl remained in the hospital overnight for protection from further physical abuse.

At trial by special court-martial, appellant admitted having struck his daughter with a belt but denied having used excessive force and claimed that his spanking of the child was an appropriate punishment for her misbehavior. Notwithstanding his

defense, he was found guilty of assault on a child under the age of 16, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. He was sentenced to a bad-conduct discharge.* The convening authority approved the sentence, and the Court of Military Review affirmed the findings and sentence without opinion on October 30, 1991.

On appeal, appellant personally contends that the Government failed as a matter of law to prove he used unreasonable force in disciplining his daughter. This Court granted the following issue for review:

WHETHER THE EVIDENCE IS SUFFICIENT AS A MATTER OF LAW TO SUSTAIN THE FINDINGS OF GUILTY.

The use of force to discipline a child has long been considered by some elements of society as an effective tool to encourage good behavior. For example, the old proverb, "Spare the rod, spoil the child," reflects societal attitudes about such punishment. *See* Evans, *Dictionary of Quotations* 596 (1968).

■ In military law, we have recognized that certain kinds of conduct which otherwise meet the elements of proof of assault, including spanking of children, "were justified by ... parental duty to administer discipline." *United States v. Brown*, 26 MJ 148, 150 (CMA 1988). Thus parental discipline can constitute an affirmative defense. *See generally* 1 W. La Fave and A. Scott, *Substantive Criminal Law* § 5.6(a) (1986). However, the right of a parent to discipline his or her child by use of force is not without limits. Thus, in *United States v. Brown, supra,* we adopted the following test articulated in the Model Penal Code to delineate between acceptable force and unlawful force.

The use of force upon or toward the person of another is justifiable if:

(1) the actor is the parent or guardian or other person similarly responsible for the general care and supervision of a minor or a person acting at the request of such parent, guardian or other responsible person and:

(a) the force is used for the purpose of safeguarding or promoting the welfare of the minor, including the prevention or punishment of his misconduct; and

(b) the force used is not designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation.

§ 3.08(1), ALI Model Penal Code, reprinted in ALI *Model Penal Code and Commentaries* 136 (1985).

In reviewing this case, we apply this standard to determine whether the evidence of record is sufficient for a rational factfinder to find beyond a reasonable doubt that the spanking and resulting injuries to the child constituted an assault and to overcome the affirmative defense of justification. *See United States v. Harper*, 22 MJ 157, 161 (CMA 1986); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In *Brown*, we applied the Model Penal Code analysis and found sufficient evidence to support a verdict of guilty where a 7-year-old boy's punishment for stealing a quarter produced welts and bruising. "[N]umerous blows (3–4) were administered to the child and each one produced a physical reaction. This is some evidence which could support a finding of unreasonable conduct in the present case." 26 MJ at 151.

■ In applying the Model Penal Code test to the evidence, we must first determine whether the parent's purpose for using force was shown not to be proper. Appellant exercised his parental judgment

---

* In addition to the offense of which appellant stands convicted, we note that the Government introduced portions of appellant's record in aggravation of sentence: one Article 15 nonjudicial punishment for willfully disobeying an order from a commissioned officer, in violation of Article 90, with two offenses of disorderly conduct, in violation of Article 134; and two letters of reprimand for driving under the influence of alcohol. *See* Arts. 15, 90, and 134, Uniform Code of Military Justice, 10 USC §§ 815, 890, and 934, respectively.

in deciding whether to discipline, and this decision apparently rests within his discretion as long as the motive is in fact punishment. The child had taken and used her mother's possessions at a time when she was supposed to be in bed; thus, the evidence reasonably supports a motive of punishment.

The second prong of the test is one of reasonable force. In this case, the record shows that the child suffered pain from the spankings and was unable to remain seated at school the day following her punishment. The treating pediatrician testified that, based on the bruises, the child had been struck hard; in addition, the doctor expressed sufficient concern for the child's condition to take x-rays to determine the extent of the injuries. The hospital kept the child overnight to prevent further physical abuse. Photographs show that bruises remained on the girl's buttocks more than 24 hours after the punishment was administered. Neither the photographs nor use of a leather belt show excessive force *per se*, given the age and size of the child, as well as the nature and severity of the injuries. Nevertheless, there is other competent evidence, as noted above, which could reasonably support a finding of unreasonable conduct in the present case. *Cf. United States v. Scofield,* 33 MJ 857 (ACMR 1991).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS concur.