UNITED STATES, Appellee

v.

Jose M. RIVERA, Sergeant
U.S. Army, Appellant

No. 00-0630

Crim. App. No.  9701863

United States Court of Appeals for the Armed Forces

Argued February 7, 2001

Decided May 2, 2001

BAKER, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and SULLIVAN, GIERKE, and EFFRON, JJ.,
joined.


Counsel

For Appellant: Captain Sean S. Park (argued); Colonel Adele
H. Odegard, Lieutenant Colonel David A. Mayfield, and Major
Jonathan F. Potter (on brief).

For Appellee:  Captain William J. Nelson (argued); Colonel
David L. Hayden, Lieutenant Colonel Edith M. Rob, and
Captain Daniel G. Brookhart (on brief).


Military Judge:  James J. Smith

Judge BAKER delivered the opinion of the Court.

On August 7 and November 20-21, 1997, appellant was tried by a general court-martial at Fort Bragg, North Carolina. Contrary to his pleas, appellant was found guilty, by a military judge sitting alone, of two specifications of assault consummated by a battery, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. Appellant was sentenced to a bad-conduct discharge, confinement for 30 days, total forfeitures, and reduction to Private E-1. The convening authority approved the adjudged sentence.

On June 16, 2000, the Court of Criminal Appeals affirmed the findings of guilty and the sentence. We granted review on November 8, 2000, of the following issues:

I.  WHETHER THE EVIDENCE IS LEGALLY SUFFICIENT TO SUPPORT THE FINDING OF GUILTY TO SPECIFICATION 1 OF THE CHARGE (ASSAULT CONSUMMATED BY A BATTERY ON A CHILD UNDER THE AGE OF SIXTEEN) WHEN THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE AFFIRMATIVE DEFENSE OF PARENTAL DISCIPLINE DID NOT RENDER APPELLANT'S ACTION LAWFUL.

II. WHETHER ONE PUNCH IN THE STOMACH TO A FOURTEEN-YEAR-OLD MALE, WITHOUT ANY EVIDENCE OF ANY PHYSICAL INJURY OR TRAUMA INCLUDING BRUISING, WELTING, OR BLEEDING, OVERCOMES THE AFFIRMATIVE DEFENSE OF PARENTAL DISCIPLINE.

We hold, based on the evidence of record, that a rational factfinder could have found beyond a reasonable doubt that appellant was guilty of assault consummated by a battery on a child and that such assault was not justified under the parental-discipline defense. We further conclude, as a matter of law, that a single punch can, without evidence of actual physical harm, overcome the affirmative defense of parental discipline, where as here, the trier of fact found beyond a reasonable doubt that the force used created a substantial risk of serious bodily injury and was unreasonable under the circumstances.

FACTS

Although appellant was convicted of assault consummated by a battery against both his step-daughter and his step-son, at issue is only appellant's assault of his step-son, Edward. At the age of 13, Edward brought home a report card with several Ds and Fs. Immediately after reviewing the report card, appellant "started screaming" and told Edward that he needed to "get [his] stuff straight." Edward testified at trial that appellant then "got mad and punched me in my stomach and I fell down...." Edward testified that he "stayed down" until appellant "stopped talking" and left.

United States v. Rivera, 00-0630/AR

DISCUSSION

Appellant argues that based on the Government's proof, no reasonable factfinder could find beyond a reasonable doubt that the purpose and degree of force used by appellant moved on a continuum from reasonable parental discipline to criminal conduct.  Because the test of legal sufficiency under specification 1 of the Charge is intertwined with resolution of Issue II, we treat the questions together.

"The test for" legal sufficiency "is whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt."  United States v. Turner, 25 MJ 324 (CMA 1987)(citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

In the present case the Government had the burden of presenting the factfinder with proof beyond a reasonable doubt that appellant attempted "with unlawful force or violence to do bodily harm to another person, whether or not the attempt...is consummated."  Art. 128 (a).  Because appellant put in issue the parental-discipline defense, the Government had the additional burden of refuting beyond a reasonable doubt appellant's defense of parental discipline.

4

Appellant argues that he used force with appropriate motive, to discipline his child for poor performance in school.  He also argues that the force used was necessary parental discipline and that his single blow did not cause substantial risk of serious bodily injury.  Appellant argues this is evidenced by the absence of any physical harm to Edward.[1]  Edward did not receive any welts, bruises, or other marks, and he did not go to a doctor or to the hospital.  The record does not reflect any mental distress. Edward did not visit a mental health professional, advise his friends of mental trauma, or convey to the trier of fact mental distress at the time he testified that he was punched in the stomach and fell down.[2]

In United States v. Brown, 26 MJ 148, 150-51 (1988), and United States v. Robertson, 36 MJ 190, 191-92 (1992), this Court applied the standards of the Model Penal Code in determining whether the Government overcame appellant's defense of parental discipline. Section 3.08 (1), Model Penal Code (ALI 1985), reprinted in

---

[1] There was no testimony as to the condition of his stomach immediately after Edward was struck.

[2] The Government has not relied on mental distress as the predicate for prosecution. As a result we need not determine here what degree of mental distress is so unreasonable or extreme as to overcome an affirmative defense of parental discipline, and we decline to do so in the abstract.

ALI Model Penal Code and Commentaries 136 (1985), states

that force may be used by parents or guardians when

    (a) the force is used for the purpose of safeguarding
or promoting the welfare of the minor, including the
prevention or punishment of his misconduct; and

    (b) the force used is not designed to cause or known to
create a substantial risk of causing death, serious bodily
injury, disfigurement, extreme pain or mental distress or
gross degradation....

As a result, both the Government and appellant have

argued this case on the basis of the Model Penal Code.

Because this Court's conclusions in Robertson and Brown

relied, in part, on the existence of numerous blows as well

as physical evidence of harm, and because the parties in

this case do not contest that there was only one punch (of

disputed force) to the stomach, for which there was no

documented medical manifestation, this case tests anew the

scope of the parental-discipline defense.

Jurisprudence in the area of parental discipline must

be developed with caution.  In this area of law there is an

inherent tension between the privacy and sanctity of the

family, including the freedom to raise children as parents

see fit, and the interest of the state in the safety and

well-being of children.  The affirmative defense of

parental discipline resides at a crossroad of these two

significant interests.  Caution is also advisable because society accepts some, but not all, forms of corporeal punishment.  It is the duty of appellate courts to say what the law is; not to make moral judgments about what the law should be.  Moreover, the enormous variety of variables that affect human interaction and which place the family at the core of a child's social interaction cautions against black letter rules of conduct.

One need not look to the Bible, Dickens, or Twain to understand that parental discipline is as necessary as it is varied and that parental discipline has always had a physical component.  We need only look to our own experience.  Experience also teaches that a finger to the eye, or a slap to the head, can cause as much harm as a closed fist.  Punches can be playful or even affectionate. For these reasons, we eschew a per se rule.

Brown established a test of contextual reasonableness in determining when proper parental motive turns to criminal anger, or necessary force becomes a substantial risk of serious bodily harm.  Clearly what is reasonable between a father and his 13-year-old son may be unreasonable with an infant.  However, human experience also teaches that a single punch to the torso or head can kill or cause serious bodily injury.  This conclusion does

7

not rest on specialized medical knowledge, but rather on the everyday "common sense and [their] knowledge of human nature and of the ways of the world" expected of triers of fact, who have been to the playground, trained in the combat arms, or read the sports page. United States v. Oakley, 11 USCMA 187, 191, 29 CMR 3, 7 (1960) (Ferguson, J., concurring).

We expect a lot of our servicemembers, and sometimes we expect more of them than of their civilian counterparts. For instance, because members of the Armed Forces are accountable to their superiors in ways that a civilian is not, this Court has concluded that the probability of truthfulness for a military witness is greater than one would find with a comparable civilian witness. United States v. Wood, 25 MJ 46 (1987). We expect that military deployments and rotations will impose upon military families stress not found in most civilian occupations. At the same time, we expect our military members to take care of their families. We also expect servicemembers to understand and apply discriminate use of force, and to understand that a Soldier, Sailor, Airman, or Marine wields

an extraordinary potential for force based on his or her special fitness, background, and training.[3]

As a result, we hold that in the context of this case the members could have properly concluded that one closed-fist punch to the stomach can cause substantial risk of serious bodily injury as contemplated by this Court's decisions in Brown and Robertson. We also hold that the burden of establishing substantial risk can be met without physical manifestation of actual harm.[4] A rule that requires physical evidence of injury invites one blow too many.

While we do not adopt a per se rule involving closed fists, as some states have, we recognize that a closed-fist punch bears certain burdens, which carry forward through case law. Use of a closed fist does not prove ill motive; however, it may more readily allow the factfinder to infer ill motive and undermine a claim of proper intent. And while use of a closed fist does not per se risk serious injury, as compared to a slap or a spank, a fist amplifies

---

[3] This same rationale would apply to a civilian with comparable fitness, background, and training.

[4] Just as a person firing a weapon and missing still causes a substantial risk of serious bodily injury for which there will be no physiological evidence, a blow to the head or torso that one time fortuitously fails to impact a vital organ or the temple, nevertheless risks serious bodily injury the next time.

force magnifying the likelihood that a punch will be found to create a substantial risk of serious bodily injury.

Having concluded that use of a single punch to the stomach can be legally sufficient to prove an assault upon a child, what is left to decide is whether in this case, applying Jackson v. Virginia, 443 U.S. at 319, the prosecution proved beyond a reasonable doubt that appellant's motive was improper or that the force he used was unreasonable under the circumstances. RCM 916(b), Manual for Courts-Martial, United States (2000 ed.).

It is beyond peradventure of doubt that a very bad report card is an appropriate predicate for parental discipline. In this case, the record also documents appellant's desire to improve Edward's scholastic performance. We need not look into appellant's psyche to measure the degree to which he was also motivated by anger or whether the trier of fact could have reasonably concluded his motive was more anger than discipline. For appellant's claim is defeated by our conclusion that the members could have properly found that the force he used was unreasonable. Three facts are critical. Edward was struck with a closed fist; he was punched. He was struck in the stomach. And, based on Edward's testimony, and applying Jackson v. Virginia, 443 U.S. at 319, the members

10

could reasonably conclude that he was struck with sufficient force so as to fall down, and thus with sufficient force so as to cause a substantial risk of serious bodily injury when punched.  And it was reasonably within the common knowledge of the members that a blow to the stomach that is strong enough to knock a 13-year-old down creates a substantial risk of serious bodily injury.

The decision of the United States Army Court of Criminal Appeals is affirmed.