# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class ANTONIO W. RACHELS
### United States Air Force

## ACM 38594

## 25 June 2015

Sentence adjudged 14 January 2014 by GCM convened at Peterson Air Force Base, Colorado. Military Judge: Grant L. Kratz (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 13 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Lieutenant Colonel John E. Owen and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

TELLER, Judge:

At a general court-martial composed of a military judge sitting alone, the appellant was convicted, contrary to his pleas, of using a means of interstate commerce to attempt to persuade a minor to engage in sexual activity for which the appellant was charged with a criminal offense, as prohibited by 10 U.S.C. § 2422(b), in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] The court sentenced the appellant to a bad-conduct discharge,

---

[1] The appellant was also charged with, but found not guilty of, attempting to engage in sexual intercourse with a minor.

confinement for 13 months, forfeiture of all pay and allowances, and reduction to E-1. The sentence was approved as adjudged.

The appellant contends that the evidence is factually and legally insufficient to support his conviction and that the government failed to disprove the affirmative defense of entrapment. Finding no error that materially prejudices a substantial right of the appellant, we affirm the findings and sentence.

*Background*

For a period of almost two months, the appellant engaged in a series of Facebook messages with a police officer he believed to be a 13-year-old girl. The exchange began after the Air Force Office of Special Investigations contacted the Colorado Springs Police Department (CSPD) to relay a complaint that the appellant had attempted to set up a meeting with a 14-year-old girl. In response, a CSPD officer using the Facebook account, "Julia Gul," sent the appellant a friend request.

The appellant responded, and the two began to exchange messages. At first, the appellant's overtures were relatively innocuous, asking if she wanted to "hang out" and be his girlfriend. They gradually took a more suggestive turn, offering to have her spend the night and saying they could "get a little wild back at [his] place." Eventually he became more explicit, suggesting they "could get it on" and told her if she wanted "to go further than [kissing] such as drinking or sex, it's up to [her]." The CSPD officer arranged a time and a place for a meeting, which resulted in the apprehension of the appellant and the charges in this case.

*Factual and Legal Sufficiency*

The appellant first argues that the evidence is legally and factually insufficient to support his conviction. We review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "The test for legal sufficiency of the evidence is 'whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt.'" *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)). The test for factual sufficiency is whether, after weighing the evidence and making allowances for not having observed the witnesses, we ourselves are convinced of the appellant's guilt beyond a reasonable doubt. *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). Applying these standards to this case, we find the evidence legally and factually sufficient to support the findings of guilt.

The appellant was charged with a violation of 18 U.S.C. § 2422(b) under clause 3 of Article 134, UCMJ. The statute, 18 U.S.C. § 2422(b), reads:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Our superior court has addressed the requirements for proving an Article 134, UCMJ, offense in this context: "To establish an attempt under § 2422(b), we have held that the Government must prove that an accused: (1) had the intent to commit the substantive offense; and (2) took a substantial step toward persuading, inducing, enticing or coercing a minor to engage in illegal sexual activity." *United States v. Schell*, 72 M.J. 339, 344 (C.A.A.F. 2013). The elements of the substantive offense as charged in this case are:

1. the appellant attempted to induce "Julia" to engage in sexual activity;
2. he did so using a means of interstate commerce;
3. the appellant thought "Julia" was under the age of 18 years; and
4. the sexual activity was such that a person could be charged with a criminal offense had it occurred.

The appellant argues that his messages to "Julia" were "not sufficient coercion so as to amount to inducement." Inducement, however, need not have any element of coercion. In *Schell*, our superior court noted that "entice," "induce," and "persuade" are all effectively synonymous, meaning "leading or moving another by persuasion or influence, as to some action [or] state of mind." 72 M.J. at 343 n.1 (quoting *United States v. Engle*, 676 F.3d 405, 411 n.3 (4th Cir. 2012)) (internal quotation marks omitted). When viewed in the light most favorable to the prosecution, the appellant's suggestion that "Julia" spend the night with the possibility of having sex was an attempt to influence her to do exactly that. It is enough that the appellant tried to influence her, notwithstanding the lack of coercive pressure. We find the evidence legally sufficient.

We are also convinced beyond a reasonable doubt of the appellant's guilt. In context, the progressive escalation of the appellant's suggestions relating to sexual activity, even with the remark that engaging in the activity was "up to her," was intended to induce her to engage in sexual activity. The Facebook messages were exchanged over the Internet, which as a matter of law constitutes a means of interstate commerce. *See United States v. Pierce*, 70 M.J. 391, 395 (C.A.A.F. 2011). All the evidence indicates the appellant believed that "Julia" was 13 years old. The military judge took judicial notice of Article 120b, UCMJ, 10 U.S.C. § 920b, under which the appellant could be charged with a criminal offense had such sexual activity occurred. Finally, the Facebook messages constituted a substantial step towards that enticement. We are

convinced of the appellant's guilt beyond a reasonable doubt and thus find the evidence factually sufficient to support the appellant's conviction.

*Entrapment*

The appellant argues that the government failed to disprove the defense of entrapment beyond a reasonable doubt because "but for the insistence of [the CSPD officer], there is no evidence to suggest anything of a sexual nature would have been communicated between Appellant and 'Julia.'" We disagree.

Entrapment is an affirmative defense, where "the criminal design or suggestion to commit the offense originated in the Government and the accused had no predisposition to commit the offense." Rule for Courts-Martial (R.C.M.) 916(g). As with all affirmative defenses, if the appellant was entrapped, he is not criminally responsible despite our conclusion above that the evidence was factually and legally sufficient to prove all the elements of the offense. R.C.M. 916(a).

> The defense has the initial burden of going forward to show that a government agent originated the suggestion to commit the crime . . . [and] the burden then shifts to the Government to prove beyond a reasonable doubt that the criminal design did not originate with the Government or that the accused had a predisposition to commit the offense prior to first being approached by Government agents.

*United States v. Hall*, 56 M.J. 432, 436 (C.A.A.F. 2002) (citations and internal quotation marks omitted). When the appellant challenges generally whether the quantum of proof was sufficient to disprove the existence of an affirmative defense, we analyze that assertion under the factual and legal sufficiency framework articulated above. *See United States v. Ward*, 39 M.J. 1085, 1089 (A.C.M.R. 1994); c*f. United States v. Rivera*, 54 M.J. 489, 490 (C.A.A.F. 2001) (applying the legal sufficiency framework to analyze claim evidence was insufficient to disprove defense of parental discipline).

The essence of entrapment is an improper inducement by government agents to commit the crime. *United States v. Howell*, 36 M.J. 354, 359 (C.M.A. 1993). Such improper inducement does not exist if government agents merely provide the opportunity or facilities to commit the crime. Instead, for entrapment, the government conduct must:

> create[] a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense . . . [and may take the form of] pressure, assurances that a person is not doing anything wrong, persuasion, fraudulent representations, threats, coercive tactics, harassment,

promises of reward, or pleas based on need, sympathy, or friendship.

*Id.* at 359–60 (citations and internal quotation marks omitted). For example, a government agent's repeated requests for drugs "do not in and of themselves constitute the required inducement" to establish entrapment. *Id.* at 360.

Here, the government conduct did not create a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense, and the appellant was not an undisposed person in this context. Although the CSPD officer was persistent in asking the appellant what he would want to do if they met in-person, his questions never suggested sexual activity. Instead, he used open-ended inquiries such as "I want to know what your plan is with me" and "tell me what you would like to do on our time together." The most suggestive messages the officer sent when discussing their plans read:

> i like shopping

> :)

> i have made out and stuff  before

> what kinda stuff are you thinking.

It is clear from the generic nature of the officer's messages that the idea to propose sexual activity arose in the mind of the appellant. Even if we strained the most suggestive comment above to constitute a suggestion that they discuss sexual activity, we find beyond a reasonable doubt that such a message would not cause a person who was not predisposed to commit the offense to offer to facilitate a meeting with a 13-year-old female for "drinking and sex," even with the caveat that it was up to her.

We find that the evidence, when viewed in the light most favorable to the government, could convince a reasonable fact finder beyond a reasonable doubt that the appellant was not entrapped. Having taken a fresh and impartial view of the evidence ourselves, we are convinced beyond a reasonable doubt that the appellant was not entrapped. Accordingly, the evidence to disprove the affirmative defense was legally and factually sufficient.

### Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

ACM 38594

Accordingly, the approved findings and sentence are

<strong>AFFIRMED</strong>.



FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court